**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-00038-JRG |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

**SAMSUNG'S MOTION TO STAY PENDING**
**_INTER PARTES_ REVIEW OF THE ASSERTED PATENTS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 2

LEGAL STANDARD ..................................................................................................... 4

ARGUMENT .................................................................................................................. 4

      A.     Factor 1 - Nanoco Will Not Suffer Any Undue Prejudice ................................. 5

      B.     Factor 2 - This Case Is In Its Early Stages ....................................................... 6

      C.     Factor 3 - IPR Proceedings Will Simplify Or Eliminate Issues,
             Streamlining Litigation And Reducing The Burden On The Parties And
             This Court ......................................................................................................... 7

CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

## Cases

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) .......................................................................... 7, 9

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
No. 6:15-CV-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016) ................... 7

*Clinton v. Jones*,
520 U.S. 681 (1997) ............................................................................................. 4

*Corel Software, LLC v. Microsoft Corp.*,
No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747 (D. Utah Aug. 23, 2016) .............. 9

*Customedia Techs., LLC, v. DISH Network Corp.*,
No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017)......................... 4

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ............. 6

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017),
report and recommendation adopted by,
2017 WL 4314580 (E.D. Tex. Sep. 28, 2017) (Gilstrap, J.) ...................................... 9

*In re Etter*,
756 F.2d 852 (Fed. Cir. 1985) ................................................................................ 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ............................................................................................. 4

*Landmark Tech., LLC v. iRobot Corp.*,
No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ......................... 7

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)...................... 4, 8, 10

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ......................... 8

*Smartflash LLC v. Apple Inc.*,
621 F. App'x 995 (Fed. Cir. 2015).......................................................................... 7

*Stragent LLC v. BMW of N. Am., LLC*,
No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017)............................... 6

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
   No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ........................................ 5

*Uniloc USA Inc. v. Google Inc.*,
   No. 17-231, Dkt. 47 (Oct. 3, 2017) ........................................................................................ 10

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368 (Fed. Cir. 2014),
   *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015) ...................................... 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ........................................................................................... 1, 5

**Other Authorities**

U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings,
   Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*,
   77 Fed. Reg. 48,680 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 37).................................. 6

# INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung" or "Defendants") respectfully move to stay the above-captioned litigation until the Patent Trial and Appeal Board ("PTAB") has concluded *inter partes* review ("IPR") of U.S. Patent Nos. 7,588,828 ("the '828 patent"), U.S. Patent No. 7,803,423 ("the '423 patent"), U.S. Patent No. 7,867,557 ("the '557 patent"), U.S. Patent No. 8,524,365 ("the '365 patent"), and U.S. Patent No. 9,680,068 ("the '068 patent") (collectively, the "Asserted Patents").

On November 9, 2020, Samsung filed IPR petitions for each Asserted Patent. All three factors typically considered by this Court favor a stay. **First**, a stay will not unduly prejudice Nanoco because Nanoco delayed filing its suit against Samsung, Nanoco and Samsung do not directly compete, and Nanoco can be adequately compensated by monetary damages for any alleged infringement. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-19 (Fed. Cir. 2014). **Second**, the case is in its infancy. Fact discovery closes in six months, the *Markman* hearing has not yet taken place, no fact depositions have occurred, expert discovery has not yet begun, and trial is more than ten months away. Dkt. 45. Staying the case now will conserve the Court's and the parties' resources. **Third**, the IPRs will likely simplify the issues in this case. The IPR petitions cover all asserted claims and rely on prior art and prior-art combinations that were not considered by the patent examiners. Moreover, Nanoco's statements in IPR proceedings will be relevant to the issues in this case, including claim construction. Given the substantive effect the IPR petitions will have on the Asserted Patents, the interests of efficiency favor staying this case now. Samsung respectfully requests that the Court stay this case pending final resolution of the IPRs.

## FACTUAL BACKGROUND

Nanoco filed its complaint on February 14, 2020, but did not serve Samsung with the complaint until May 12, 2020. Dkts. 1, 7, 10. On September 14, 2020, Nanoco served its Disclosure of Asserted Claims and Infringement Contentions, identifying all allegedly infringed claims. Ex. 1. Nanoco further limited the number of claims it was asserting in a letter dated September 30, 2020. Ex. 2. Samsung served its invalidity contentions and filed IPR petitions on each of the Asserted Patents on November 9, 2020:

| Patent | IPR Number |
|---|---|
| '828 patent | IPR2021-00183 |
| '423 patent | IPR2021-00184 |
| '557 patent | IPR2021-00185 |
| '365 patent | IPR2021-00186 |
| '068 patent | IPR2021-00182 |

The claims challenged in these IPR petitions (the "Challenged Claims") include all the asserted claims of the Asserted Patents.

For four of the five IPR petitions, none of the prior art references, alone or combined as in the petitions, were considered by the Patent Office during prosecution of the applications leading to the Asserted Patents. In the remaining IPR petition, IPR2021-00186, only one reference appearing in two grounds regarding certain dependent claims was before the Patent Office during prosecution, and the Patent Office did not consider the prior art combination presented in the IPR petition. The art relied on in each IPR petition is as follows:

- **IPR2021-00182**: U.S. Patent Application Publication No. 2012/0113672 to Dubrow et al. ("Dubrow"); and U.S. Patent No. 10,316,245 to Nelson et al. ("Nelson"). *See generally* Ex. 3.

- **IPR2021-00183**: International Patent Publication No. WO 03/097904 to Banin et al. ("Banin"); N. Herron et al., *Crystal Structure and Optical Properties of Cd32S14(SC6H5)36·DMF4, a Cluster with a 15 Angstrom CdS Core*, 259 SCIENCE 1426 (1993) ("Herron"); A. Zaban et al., *Photosensitization of Nanoporous TiO2 Electrodes with InP Quantum Dots*, 14 LANGMUIR 3153 (1998) ("Zaban"); W. E. Farneth et al., *Bulk Semiconductors from Molecular Solids: A Mechanistic Investigation*, 4 CHEMISTRY OF

MATERIALS 916 (1992) ("Farneth"); Heng Yu et al., *Heterogeneous Seeded Growth: A Potentially General Synthesis of Monodisperse Metallic Nanoparticles*, 123 J. AM. CHEMICAL SOC'Y 9198 (2001) ("Yu"); and Braun et al., *Variation of the Thickness and Number of Wells in the CdS/HgS/CdS Quantum Dot Quantum Well System*, 105 J. PHYS. CHEM. A. 5548 (2001) ("Braun"). *See generally* Ex. 4.

- **IPR2021-00184**: Banin; Zaban; Yu; V. Ptatschek et al., *Quantized Aggregation Phenomena in II–VI- Semiconductor Colloids*, 102 BERICHTE DER BUNSEN– GESELLSCHAFT FÜR PHYSIKALISCHE CHEMIE 85 (1998) ("Ptatschek"); U.S. Patent No. 7,193,098 to Lucey et al. ("Lucey"); S.P. Ahrenkiel et al., *Synthesis and Characterization of Colloidal InP Quantum Rods*, 3 NANO LETTERS 833 (2003) ("Ahrenkiel"); and U.S. Patent No. 6,576,291 to Bawendi et al. ("Bawendi"). *See generally* Ex. 5.

- **IPR2021-00185**: Banin; Braun; Zaban; Ptatschek; Lucey; Ahrenkiel; and Yu. *See generally* Ex. 6.

- **IPR2021-00186**: Banin; Zaban; Farneth; Yu; Lucey; Ahrenkiel; Herron; and U.S. Patent No. 6,815,064 to Treadway et al. ("Treadway"). *See generally* Ex. 7.

These prior-art references, either alone or in combination, anticipate or render obvious every Challenged Claim (including all asserted claims) for the reasons stated in the IPR petitions. In support, Dr. Matthew G. Moffitt and Dr. Mark A. Green submitted declarations explaining why the Challenged Claims would have been obvious to a person of ordinary skill in the art in view of the prior-art references, providing motivations for combining the prior-art references in the manner claimed by the Asserted Patents, and showing that the combinations would have been well within the knowledge and ability of a person of ordinary skill in the art. *See generally* Ex. 8 (Decl. of Dr. Matthew G. Moffitt supporting IPR2021-00182); Exs. 9-12 (Decls. of Dr. Mark A. Green supporting IPR2021-00183, -00184, -00185, and -00186). Samsung filed this Motion promptly after the PTAB provided Notices of Filing Date Accorded for IPR2021-00182, -00183, and -00186 on November 24, 2020 and for IPR2021-00184 and -00185 on November 25, 2020.[1] Exs. 13-17.

---

[1]   Nanoco has up to three months from each Notice to file a preliminary response to the petition. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). The PTAB will then decide whether to institute each petition within three months from Nanoco's response. 35 U.S.C. § 314. So Nanoco's Patent Owner Preliminary Responses are due by February 24, 2021 for IPR2021-00182, -00183, and -00186 and by February 25, 2021 for IPR2021-00184 and -00185, and the PTAB's

In this case, the *Markman* hearing is scheduled on March 26, 2021; fact discovery closes May 20, 2021; expert discovery ends June 22, 2021; dispositive motions are due June 28, 2021; and the trial is scheduled for jury selection on October 4, 2021. Dkt. 45.

## LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). When managing its docket, the district court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

When deciding whether to stay a case pending IPR, district courts will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* Each of these factors weigh in favor of granting a stay.

## ARGUMENT

All three factors favor granting a stay pending the results of the IPR petitions. That is because a stay will not cause any undue prejudice, will conserve this Court's and the parties' resources, and will simplify this litigation.

---

Institution Decisions are due by May 24, 2021 for IPR2021-00182, -00183, and -00186 and May 25, 2021 for IPR2021-00184 and -00185. Without good cause, the PTAB must make a final determination in each IPR within a year after institution. 35 U.S.C. § 316(a)(11).

### A.    Factor 1 - Nanoco Will Not Suffer Any Undue Prejudice

Nanoco will not suffer any undue prejudice if the Court stays the case. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings … focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. Nanoco's complaint indicates that it was aware of Samsung's alleged infringement as early as 2015, and the newest patent it asserts in this litigation issued in 2017. *See* Dkt. 1 ¶ 27; *see also* Dkt. 1, Ex. 5 at cover. Despite this knowledge, Nanoco waited to file suit against Samsung until 2020. Nanoco's delay indicates that it will not be unduly prejudiced by an additional brief delay in litigating its infringement claims while the IPR petitions are pending. *See VirtualAgility*, 759 F.3d at 1319 (finding that a one-year delay between issuance of a patent and filing suit weighed against a finding of undue prejudice from a stay).

Additionally, Nanoco and Samsung are not direct competitors with regard to the accused products. Nanoco accuses Samsung televisions of infringing the Asserted Patents, but Nanoco does not manufacture or sell televisions. *Compare* Dkt. 1 ¶¶ 16-17 (explaining that Nanoco's business and technology focuses on nanoparticles and quantum dots), *with id.* ¶¶ 46, 57, 67, 77, 86, Ex. 6 (identifying Samsung's QLED televisions as accused products). The lack of competition between Samsung and Nanoco weighs against a finding of undue prejudice. *See Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility*, 759 F.3d at 1318). And Nanoco will be adequately compensated through monetary relief for any damages it is entitled to for alleged infringement of its patents. "A stay will not diminish the monetary damages to which [Nanoco] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318 (original emphasis). The "mere delay in collecting those damages

does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017).

By contrast, Samsung would be prejudiced without a stay because it would continue to incur expenses and endure the burden of defending against Nanoco's infringement allegations, which may be mooted (or at the very least materially changed) by the PTAB's Final Written Decisions in the IPRs. To date, only preliminary document production has taken place in this case, and the deadline to substantially complete document production is not scheduled until February 12, 2021. Dkt. 45. Similarly, the claim construction hearing is not scheduled until March, with the trial not scheduled until at least October. *Id.*

Indeed, a stay will benefit both parties by allowing them to take advantage of the IPR system, which created "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 37). So this factor favors a stay.

## B.    Factor 2 - This Case Is In Its Early Stages

Samsung filed this motion promptly after receiving the PTAB's Notices of Filing Date Accorded on November 24 and 25, 2020. There is a significant amount of work for the parties and the Court left in this case. This case is still in fact discovery, *Markman* briefing has yet to begin, the Court has not yet assigned a technical advisor, and there has yet to be a single deposition. Dkt. 45. Further, expert discovery has not yet begun, and summary judgment and trial preparation are well in the future. *Id.* In short, "the most burdensome parts of the case … all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). A stay would save precious judicial and party resources. *See*

6

*Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial."); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." (internal quotation marks and brackets omitted)); *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (same).

A stay will conserve judicial resources, including by avoiding any need to revisit claim construction or other orders in view of arguments advanced before the PTAB. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). A stay will also allow the parties to avoid incurring significant expense if the litigation continues. *See, e.g., Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015).

**C.    Factor 3 - IPR Proceedings Will Simplify Or Eliminate Issues, Streamlining Litigation And Reducing The Burden On The Parties And This Court**

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court."

*NFC Tech.*, 2015 WL 1069111, at *4. The pending IPR petitions here challenge all asserted claims of the Asserted Patents, and thus the outcome of the IPR proceeding would simplify the issues in this case and potentially resolve it altogether. Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (internal quotation marks omitted). As the Federal Circuit and this Court have observed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

The most likely scenario is that the PTAB will institute the petitions. According to the USPTO's September 2020 trial statistics (the most recent available statistics), the PTAB instituted 56% of trial petitions in FY 2020, and 61% of petitions in the Chemical technology area (the relevant technology area of the Asserted Patents) from FY 2012 through FY 2020. *See* Ex. 18 at 6-7 (PTAB Statistics September 2020). Instituted IPRs generally lead to claim cancellation: 80% of Final Written Decisions have resulted in at least one claim being found invalid, and 62% of Final Written Decisions have found all instituted claims invalid. *Id.* at 11. And regardless of the outcome of Final Written Decisions, the case will still be simplified because of estoppel principles. *See NFC Tech.*, 2015 WL 1069111, at *4. Therefore, "the most important factor bearing on whether to grant a stay in this case" strongly favors granting Samsung's request for a stay, because the IPR proceedings are highly likely to simplify the issues before this Court. *See id.*

Even before the PTAB issues its decisions on institution, the IPR proceedings are likely to assist this Court, because Nanoco's statements in its Preliminary Responses will be material evidence for issues including, but not limited to, claim construction. *Aylus Networks*, 856 F.3d at

1359-60; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). This Court has previously found statements in a patent owner's preliminary response dispositive. *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017) (holding that statements made to the Patent Office in a preliminary response to a petition for IPR constituted prosecution disclaimer), report and recommendation adopted by, 2017 WL 4314580 (E.D. Tex. Sep. 28, 2017) (Gilstrap, J.). An immediate stay would allow the parties and the Court to avoid the burden and expense of the *Markman* hearing currently scheduled for March 26, 2021, and ensure that should this case resume at a later date, the parties and court have a complete record on which to resolve the claim construction issues. Without a stay, the time spent by the Court to decide the claim construction issues may be wasted if the PTAB finds claims invalid or Nanoco takes positions, including amendments, during the IPRs that impact the scope of the claims.

Judicial economy is best served by staying this litigation. All of the asserted claims in this case are Challenged Claims in the IPR petitions. If the PTAB invalidates the Challenged Claims, then a stay will have saved significant time and resources for the Court and the parties. If the PTAB invalidates only some of the Challenged Claims, the IPRs still will have narrowed the number of asserted claims, and also will have added to the record in ways that may inform the remaining issues in this case. Even if less than all of the IPR petitions are instituted, judicial economy still counsels this case should be stayed, because any IPR proceedings will simplify this case, and there

is no requirement that all asserted claims be covered by an IPR for a district court to grant a stay. *See*, *e.g.*, *Versata Software, Inc.*, 771 F.3d at 1371-72.  As this Court has previously recognized, "**any** disposition by the PTAB is likely to simplify the proceedings before this Court." *NFC Tech.*, 2015 WL 1069111, at *7 (emphasis added); *see also Uniloc USA Inc. v. Google Inc.*, No. 17-231, Dkt. 47 (Oct. 3, 2017) (Gilstrap, J.) (granting stay where IPRs for two out of four patents-in-suit asserted in multiple related actions were instituted, finding that there was "a significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases").

## <u>CONCLUSION</u>

For all of the foregoing reasons, Samsung respectfully requests that the Court grant its motion to stay this case pending final resolution of the IPR petitions. To the extent the Court denies this motion pending the PTAB's institution decisions, Samsung respectfully requests that it be denied without prejudice so that Samsung may renew its motion after the IPRs have been instituted.

DATED:  November 30, 2020          Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Gregory S. Arovas, P.C. (*pro hac vice*)
Stefan M. Miller (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C. (*pro hac vice*)
F. Christopher Mizzo, P.C. (*pro hac vice*)
Michael A. Pearson, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

*Counsel for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

On November 30, 2020, counsel for Nanoco and Samsung engaged in a meet and confer conference pursuant to Local Rule CV-7(h). Nanoco's counsel indicated that Nanoco is opposed to the relief sought by this motion.

*/s/ Melissa R. Smith*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 30th day of November, 2020.

*/s/ Melissa R. Smith*