# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:20-cv-00038-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., and | )   **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF NANOCO TECHNOLOGIES LTD.'S RESPONSE
IN OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING
_INTER PARTES_ REVIEW OF THE ASSERTED PATENTS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARD........................................................................................................... 4

ARGUMENT........................................................................................................................ 4

    A.    Samsung's Motion Is Premature ................................................................ 5

    B.    A Stay Will Unduly Prejudice Nanoco ..................................................... 5

    C.    The Current Stage of the Litigation Does Not Favor a Stay .................... 8

    D.    A Stay Is Not Likely to Simplify the Issues in this Case .......................... 9

CONCLUSION.................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Fintiv, Inc.*,
   IPR2020-00019, Paper 15 (PTAB May 13, 2020)....................................................................10

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
   No. 6:15-CV-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016)..................................8

*Cooper Notification, Inc. v. Twitter, Inc.*,
   No. Civ. 09-865- LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) .........................................7

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
   Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
   2019) ........................................................................................................................................8

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ........................................8

*Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*,
   Nos. 2:13-cv-00235-JRG, 2:13-cv-00239-JRG, 2014 WL 4652117 (E.D. Tex.
   Sept. 18, 2014) .........................................................................................................................9

*Luminati Networks Ltd. v. Teso Lt*,
   No. 2:19-CV-00395-JRG, 2020 WL 6803255 (E.D. Tex. Oct. 29, 2020)...........................4, 5

*NHK Spring Co., Ltd. v. Intri-Plex Techs., Inc.*,
   IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) ..................................................................10

*Oyster Optics, LLC v. Infinera Corp.*,
   No. 2:19-cv-257-JRG, ECF No. 87 (E.D. Tex. July 17, 2020)................................................5

*Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*,
   No. 2:19-CV-00225-JRG, Dkt. 205 (E.D. Tex. Nov. 23, 2020)..............................................9

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) ..........................................................................................8

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018)...............................6

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
   No. 6:11-CV-455, 2014 WL 4477400 (E.D. Tex. Feb. 27, 2014)............................................5

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
   No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020)........................................6

*Uniloc 2017 LLC v. Microsoft Corp.*,
    No. SACV 18-02053, 2019 WL 9048797 (C.D. Cal. Apr. 29, 2019) ......................................6

**Statutes**

35 U.S.C. § 314(a) .............................................................................................................10

35 U.S.C. § 316(a)(11)..........................................................................................................3

## INTRODUCTION

Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively "Samsung" or "Defendants") motion is premature and should be denied. The Patent and Patent Trial and Appeal Board ("PTAB") has not instituted *inter partes* review ("IPR") of any Asserted Patents,[1] and this Court consistently denies motions to stay when the PTAB has not yet instituted an IPR.

An evaluation of the stay factors also demonstrates that the Court should follow its standard practice and deny Samsung's request. While Samsung suggests that a stay will not prejudice Nanoco because it does not directly compete with Samsung regarding the accused products, Samsung ignores this Court's contrary precedent entirely. This Court routinely holds that a lack of direct competition between parties does not weigh in favor of a stay, especially where any final written decisions would not issue until months after the trial date. In this case, Nanoco has a substantial interest in obtaining timely relief, and a stay will cause Nanoco undue prejudice because it will delay the proceeding, potentially for years. Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents. Such a stay would also unduly prejudice Nanoco's ability to have issues adjudicated in its forum of choice. Nanoco brought this case in a timely manner, as Nanoco and Samsung have had a lengthy history. Nanoco only brought this suit after Samsung launched infringing products, refused to license the Asserted Patents, and negotiations had irreparably broken down.

Second, the parties have already invested significant resources in this case. The parties have exchanged several rounds of discovery, produced thousands of pages of documents, answered multiple interrogatories, and are in the middle of the claim construction process. The parties have

---

[1] The Asserted Patents are U.S. Patent Nos. 7,588,828 ("'828 patent"); 8,524,365 ("'365 patent"); 7,803,423 ("'423 patent"); 7,867,557 ("'557 patent"); and 9,680,068 ("'068 patent").

1

exchanged preliminary claim constructions and extrinsic evidence in accordance with P.R. 4.2. Also, jury selection in this case is scheduled to begin in October 2021, nearly eight months prior to any potential final written decision by the PTAB. Thus, the stage of this case weighs against a stay.

Finally, a stay is unlikely to simplify this case. Any simplification imagined by Samsung is more speculative than factual. Samsung's reliance on past PTAB statistics actually establish that its motion is premature, and Samsung does not account for the likelihood of a discretionary denial of institution. Samsung wrongly suggests that a stay would save judicial resources by avoiding any need to revisit claim construction, despite Samsung expressly informing the PTAB that no terms need to be construed. Because any alleged simplification of this case is speculative and minimal, this factor weights against staying the case.

Accordingly, Nanoco respectfully requests that the Court follow its consistent practice and deny Samsung's motion to stay.

## BACKGROUND

Since 2001, Nanoco has been a leading innovator and pioneer in heavy metal free quantum dot technology and "molecular seeding" processes for the large scale synthesis of quantum dots. *See* Dkt. 1 ¶¶ 16-17. After years developing these processes and other innovations, Nanoco has amassed one of the largest intellectual property portfolios in quantum dot technology. *Id.* at ¶ 21. Nanoco has entered into joint development agreements with major electronics companies, as well as supply agreements with manufacturers for the production and distribution of optical films containing quantum dots. *Id.* at ¶¶ 20-22.

As early as 2010, Samsung engaged with Nanoco to evaluate Nanoco's quantum dot technology for use in Samsung's LCD modules, and Nanoco provided samples of quantum dots to Samsung. *Id.* at ¶¶ 24-25. Although Nanoco and Samsung did not enter into a license or other

agreement, Nanoco disclosed its technology to Samsung, and Samsung subsequently debuted TVs containing quantum dot that practiced Nanoco's patents in 2015. *Id.* at ¶¶ 26-28. After subsequent discussions concerning Samsung's TVs containing quantum dots and Nanoco's patented technology, Nanoco presented Samsung with detailed claim charts related to all of the Asserted Patents in 2019. *See id.* at ¶ 42. When these discussions finally broke down, Nanoco filed this lawsuit on February 14, 2020. On November 9, 2020, Samsung filed IPR petitions that included all asserted claims of the Asserted Patents. Exs. 1-5. About two weeks later, the PTAB provided notices of filing on November 24 and 25, meaning that the institution decisions are not due until May 24, 2021 and May 25, 2021.[2] Exs. 6-10.

In this case, the parties have already served and responded to interrogatories, each party has produced several thousand documents pursuant to P.R. 3-2, P.R. 3-4, and the Discovery Order, and the parties are in the middle of the claim construction process. *See* Exs. 11-13; Dkt. 57 at 2-3; Dkt. 45 at 4. The deadline to substantially complete document production and the claim construction hearing will both occur months before the due dates for the institution decisions.[3] *See* Dkt. 45 at 3-4. Fact discovery is also set to be complete prior to the due dates for the institution decisions. *Id.* at 3. Finally, jury selection is set for October 4, 2021, nearly ***eight months*** before the May 24, 2022 and May 25, 2022 due dates for any potential final written decisions, should the IPRs be instituted.[4] *See id.* at 1.

---

[2] Institution Decisions for IPR2021-00182, -00183, and -00186 are due by May 24, 2021 and Institution Decisions for IPR2021-00184 and -00185 are due by May 25, 2021.

[3] The deadline to substantially complete document production is February 12, 2021, and the claim construction hearing is scheduled for March 26, 2021.

[4] The potential due dates for the Final Written Decisions are "not later than 1 year after the date on which the Director notices the institution of a review . . . ." 35 U.S.C. § 316(a)(11).

## LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Luminati Networks Ltd. v. Teso Lt*, No. 2:19-CV-00395-JRG, 2020 WL 6803255, at *1 (E.D. Tex. Oct. 29, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "How to best manage the court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

District courts ordinarily evaluate three factors when determining whether to grant a stay pending IPR: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.* (quoting *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). "'Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation.'" *Id.* Where the defendant files a motion to stay before the PTAB institutes an IPR, courts often "withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *Id.* (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014)).

## ARGUMENT

Samsung's motion should be denied as premature because all of the IPRs are months away from any decisions on institution. Further, the three stay-factors do not favor granting a stay because a stay will unduly burden Nanoco, a stay is unlikely to conserve this Court's and the parties' resources, and a stay is unlikely to simplify this case.

## A.  Samsung's Motion Is Premature

Samsung prematurely filed its motion to stay prior to any PTAB decision to institute IPR, and its motion should be denied. Courts in the Eastern District of Texas have "a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Luminati Networks*, 2020 WL 6803255, at *1 (citing *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay.")). The PTAB's institution decisions regarding Samsung's petitions for IPR are not due until late May, over five months from now. Samsung has identified nothing unique about this case that should lead the Court to deviate from this uniform practice of denying motions to stay where the PTAB has not instituted IPR.

Furthermore, the parties will not even know whether Samsung's speculation about the PTAB's institution decisions is correct until the middle of next year. Samsung's motion is premature, and for that reason alone, Samsung's motion to stay should be denied.

## B.  A Stay Will Unduly Prejudice Nanoco

Samsung argues that Nanoco will not suffer any prejudice if the Court stays this case because "Nanoco and Samsung are not direct competitors with regard to the accused products … [and] Nanoco will be adequately compensated through monetary relief for any damages…" Dkt. 54 at 5. This court has rejected this line of reasoning in *Oyster Optics, LLC v. Infinera Corp.*, No. 2:19-cv-257-JRG, ECF No. 87, at 2-4 (E.D. Tex. July 17, 2020) (finding factor of undue prejudice to noncompetitor "weighs heavily against granting a stay"). Moreover, a stay will unduly prejudice Nanoco, who "has an interest in timely enforcing its patents." *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-CV-455, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014). This is

particularly so with Samsung, who accepted proprietary samples and know-how from Nanoco and refused to take a license to the Asserted Patents. *See* Dkt. 1 ¶¶ 24-26. Nanoco's enforcement interest is "entitled to some weight" and "present in every case in which a patentee resists a stay." *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at \*2 (E.D. Tex. July 19, 2018). While this interest is "not sufficient, standing alone, to defeat a stay motion," other interests weigh against staying this case. *Id.*

Samsung incorrectly states that "[t]he lack of competition between Samsung and Nanoco ***weighs against*** a finding of undue prejudice." Dkt. 54 at 5 (emphasis added). However, Samsung quotes precedent that supports a different proposition. *See id.* (quoting *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at \*1 (N.D. Tex. Jan. 23, 2020)). Samsung's quotation from *Uniloc* simply states that although the parties were not competitors, competition between parties **can weigh in favor** of finding undue prejudice. *Id.* This quotation does not support the corollary that a lack of competition weighs against a finding of undue prejudice. *See, e.g.*, *Tessera*, 2018 WL 3472700, at \*2 (finding the undue prejudice factor neutral where the parties did not compete and patentee did not dispute that monetary relief would be sufficient compensation). Further, the patentee in *Uniloc* is a well-known licensing entity that, unlike Nanoco, does not practice the asserted patents. *See, e.g.*, *Uniloc 2017 LLC v. Microsoft Corp.*, No. SACV 18-02053 AG (JDEx), 2019 WL 9048797, at \*2 (C.D. Cal. Apr. 29, 2019).

Finally, Samsung incorrectly argues that Nanoco will not be unduly prejudiced by an additional "brief delay" while the IPR petitions are pending. First, the "brief delay" could last for several years. If the PTAB institutes IPR, final written decisions are not due until late May 2022. Because Samsung seeks a stay pending "final resolution" of the IPRs, appeals could extend that delay into 2023 or later. In view of the scheduled jury selection date of October 4, 2021, any stay

would not be a "brief delay" and would unduly prejudice Nanoco's ability to obtain timely relief. Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents. Much of the evidence Nanoco must amass to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes. Infringement will also depend to some extent on how Samsung's accused products and methods function today, which will be harder to prove years from now. By contrast, some of the matters on which Defendants bear the burden, such as invalidity of the patents due to anticipation or obviousness, will not become more difficult to prove, as they are based largely on prior art references, which do not change. *Cooper Notification, Inc. v. Twitter, Inc.*, No. Civ. 09-865- LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010).

Moreover, while accusing Nanoco of delay, Samsung's motion omits key contextual facts that explain any such allegations. First, almost immediately after Nanoco filed its complaint, the world plunged into a global pandemic that resulted in closure of courts, law offices, and client businesses. It also cast uncertainty on procedures for personal service and how courts would proceed with their dockets. Ultimately, this Court issued General Order No. 20-03 Court Operations Under Exigent Circumstances Created by the COVID-19 Pandemic, which was in effect until May 1, 2020. Nanoco served its complaint twelve days later.

Global pandemic aside, Nanoco and Samsung have had a relationship since 2010 and have engaged in multiple discussions regarding Nanoco's technology and the Asserted Patents. *See* Dkt. 1 at ¶¶ 24-25, 42. Nanoco has many licensees to these patents, and as late as February 2020, Nanoco and Samsung were engaged in licensing discussions that could have resolved the need for this case. When those discussions deteriorated, Nanoco immediately filed this case. The parties' ongoing licensing discussions explain any alleged delay.

A stay will cause Nanoco undue prejudice, and, as a manufacturer and supplier, Nanoco has a substantial interest in obtaining timely injunctive and monetary relief to protect its position in the market. Therefore, this factor weighs against granting a stay pending IPR.

### C.  The Current Stage of the Litigation Does Not Favor a Stay

The current stage of the litigation does not weigh in favor of a stay. While fact discovery is not yet complete, Samsung discounts the amount of work that the parties have done in this case. The parties have already served and responded to a combined 36 interrogatories and produced several thousand documents pursuant to the P.R. 3-2, P.R. 3-4, and the Discovery Order. These productions are particularly important in light of the Court's expectation that those disclosure requirements will obviate the need for requests for production. *See* Dkt. 57 at 2. In addition to those discovery efforts, the parties have exchanged proposed terms for claim construction and exchanged preliminary claim constructions. *See* Dkt. 45.

In support of its contention that the case is in its early stages, Samsung cites several cases decided *after* the PTAB decided to institute IPR or CBM review on at least some of the asserted claims. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 998 (Fed. Cir. 2015); *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019). Samsung also cites two cases where motions were decided at an earlier stage of litigation than in this case. *See Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (scheduling order yet to issue and discovery yet to begin); *Landmark Tech., LLC v. iRobot Corp.,* No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (court "merely held a scheduling conference" and the Court and parties had yet to address discovery exchanges and claim construction).

Here, the parties have provided claim constructions, addressed discovery exchanges, served several rounds of discovery comprising tens of thousands of pages of documents, served

and responded to multiple interrogatories, and disclosed experts. Jury selection is scheduled to begin October 2021, nearly eight months prior to any potential final written decision by PTAB. And, to date, the PTAB has not instituted a single IPR and cannot do so for months. Therefore, because the parties have already invested significant resources in this case, and this case will resolve prior to the PTAB proceeding, the stage of litigation does not weigh in favor of a stay.

### D.  A Stay Is Not Likely to Simplify the Issues in this Case

At this point, whether the PTAB will institute IPR or cancel claims is entirely speculative. *See Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, Nos. 2:13-cv-00235-JRG, 2:13-cv-00239-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014) ("Although the Defendants contend that PTAB is virtually guaranteed to grant the IPR, this is no guarantee that the claims will be amended or cancelled during the IPR."); *see also Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, No. 2:19-CV-00225-JRG, Dkt. 205 (E.D. Tex. Nov. 23, 2020) ("[W]hile the [IPRs] have the potential to simplify the issues in question and the trial of this case, such simplification is currently more speculative than factual."). Despite this uncertainty, Samsung relies heavily on general statistics regarding PTAB's overall institution and claim cancellation rates.

These generic statistics are untethered from the merits of Samsung's IPR, and if anything, further establish that Samsung's motion is premature. While Samsung cites the institution rate for FY 2020, Samsung omits other statistics that weigh against any conclusion that the PTAB will most likely institute the IPRs. For example, institution rates have steadily dropped from 87% in FY 2013 to 56% in FY 2020. Ex. 14. Based on this trend, an equally reasonable conclusion is that the PTAB is instituting fewer IPRs year over year, the likelihood of institution for FY 2021 will be close to 50%, and institution is not the most likely scenario. However, fundamentally, any

predictions on whether the PTAB will institute Samsung's IPRs, based on past PTAB data, is pure speculation that should be afforded little weight.

Further, considering the schedule of this case, the PTAB could deny institution of Samsung's petitions for IPR. Recently, PTAB has exercised its discretion under 35 U.S.C. § 314(a) to deny institution where the trial date would be several months ahead of the due date for final written decision, the issues overlapped, and the parties were the same. *See Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 15 at 12-17 (PTAB May 13, 2020) (informative) (denying institution where the parties were the same, the petitioner asserted overlapping prior art and arguments, and the trial was scheduled for two months before the final written decision due date); *NHK Spring Co., Ltd. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper 8 at 20 (PTAB Sept. 12, 2018) (precedential) (denying petition for institution where the parties were the same, the petitioner asserted overlapping prior art and arguments in both proceedings, and the trial was scheduled for seven months before the final written decision due date). Here, final written decisions for the IPRs, if instituted, would not be due until late May 2022 – nearly eight months after the jury selection date in this case. The parties are the same and Samsung incorporated its IPR petitions into its P.R. 3-3 invalidity contentions in this case. *See generally* Ex. 15. By the time of the PTAB's institution decisions, the parties will have completed fact discovery, served expert witness disclosures, and completed claim construction. *See* Dkt. 45 at 2-3; *see also Apple*, IPR2020-00019, Paper 15 at 13-14 (factor weighs slightly in favor of denial of institution where, at the time of institution, discovery was in its early stages and the Court construed seven claim terms). Accordingly, whether the PTAB will institute IPR is uncertain and, at this stage, a stay is unlikely to simplify the case.

Finally, Samsung suggests that a stay will conserve judicial resources by avoiding any need to revisit claim construction. Dkt. 54 at 7. But with respect to all asserted patents, Samsung

expressly informed PTAB that it "does not believe any terms need to be construed to resolve the prior art issue presented in this Petition." Ex. 1 at 19; Ex. 2 at 20; Ex. 3 at 19; Ex. 4 at 22; Ex. 5 at 21.[5] Because any alleged simplification of this case is speculative and minimal, this factor weights against a stay.

## CONCLUSION

Samsung's motion, filed prior to any PTAB decision to institute IPR, is premature. Further, a stay will unduly prejudice Nanoco, the parties have already expended significant resources in discovery, and a stay is unlikely to simplify the issues in this case. For the foregoing reasons, Nanoco respectfully requests that the Court deny Samsung's motion to stay pending IPR of the asserted patents.

---

[5] Samsung "reserve[d] the right to identify terms for construction as may become necessary in the District Court case, and to respond to any constructions that PO submits." Nanoco did not propose any terms for construction in its P.R. 4-1 disclosures. Ex. 16 at 1-2.

Dated: December 14, 2020                               Respectfully submitted,

_/s/ Michael Newman w/permission Claire_
_Abernathy Henry_
Michael Newman
Massachusetts BBO No. 667520
MCNewman@mintz.com
James Wodarski
Massachusetts BBO No. 627036
JWodarski@mintz.com
Michael T. Renaud
Massachusetts BBO No. 629783
MTRenaud@mintz.com
Thomas H. Wintner
Massachusetts BBO No. 667329
TWintner@mintz.com
Matthew Galica
Massachusetts BBO No. 696916
MSGalica@mintz.com
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
www.mintz.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

_Counsel for Plaintiff_
_Nanoco Technologies Ltd_

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 14, 2020, I caused a true and correct copy of the foregoing to

be served via ECF on all counsel of record.

<u>/s/ *Claire Abernathy Henry*</u>
Claire Henry