# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Action No. 2:20-cv-00038-JRG <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO STAY PENDING**
***INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................... 1

**ARGUMENT** .......................................................................................................................... 1

      A.      Nanoco Will Not Suffer Any Undue Prejudice from a Stay .................................. 1

      B.      The Current Stage of Litigation Favors a Stay ....................................................... 3

      C.      Nanoco's Arguments That a Stay Will Not Simplify the Case Are Inapposite ................................................................................................................ 3

**CONCLUSION** ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Fintiv, Inc.*,
    IPR2020-00019, Paper 11 (PTAB Mar. 20, 2020) (precedential) .............................. 5

*Apple Inc. v. Seven Networks, LLC*,
    IPR2020-00235, Paper 10 (PTAB July 28, 2020) ..................................................... 4

*Blephex LLC v. Pain Point Med. Sys. Inc.*,
    No. 3:16-CV-0410-N, 2016 WL 7839343 (N.D. Tex. Nov. 3, 2016) ......................... 3

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*,
    No. 6:14-CV-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ............................ 1

*Corel Software, LLC v. Microsoft Corp.*,
    No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747 (D. Utah Aug. 23, 2016) ............... 5

*Dig. Ally, Inc. v. Taser Int'l, Inc.*,
    No. 16-CV-2032-CM-TJJ, 2017 WL 1048351 (D. Kan. Mar. 20, 2017) ................... 3

*Emp. Law Compliance, Inc. v. Compli, Inc.*,
    No. 3:13-CV-3574-N, 2014 WL 3739770 (N.D. Tex. May 27, 2014) ....................... 3

*Micrografx, LLC v. Google, Inc.*,
    3:13-cv-3595-N, 2014 WL 12580455 (N.D. Tex. July 9, 2014) ................................ 2

*Oyster Optics, LLC v. Infinera Corp.*,
    No. 2:19-cv-257-JRG, ECF No. 87 (E.D. Tex. July 17, 2020). ................................ 2

*Samsung Elecs. Co. v. Arbor Global Strategies LLC*,
    IPR2020-01020, Paper 11 (PTAB Dec. 2, 2020) .................................................. 4, 5

*Sand Revolution II, LLC v. Cont'l Intermodal Grp.-Trucking LLC*,
    IPR2019-01393, Paper 24 (PTAB June 16, 2020) ................................................... 4

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014) ................................................................................ 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ................................................................................ 2

# INTRODUCTION

Contrary to Nanoco's arguments, all three factors that this Court considers when deciding whether to issue a stay weigh in favor of staying this case until the Patent Trial and Appeal Board ("PTAB") has concluded *inter partes* review of the Asserted Patents. A stay will not unduly prejudice Nanoco, particularly given its own delay in bringing this case and because it does not compete with Samsung. Nanoco's attempt to characterize the stage of the litigation as advanced should be rejected, as fact discovery is still in its early stages, no depositions have been taken, and the most burdensome and expensive work remains to be done over the nearly ten months that remain before jury selection is set to begin. And Nanoco's contention that the IPRs may not simplify the issues in this case ignores relevant facts. This Court should grant Samsung's motion and stay this case pending the IPRs of the Asserted Patents.

# ARGUMENT

## A.   Nanoco Will Not Suffer Any Undue Prejudice from a Stay

Nanoco has raised no legitimate reasons why it would be unduly prejudiced by a stay of this case pending completion of the IPRs against its patents. Nanoco "makes no specific allegations of prejudice in this case other than the natural delay that would occur when a stay is granted in any case." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015). And as Nanoco acknowledges, that interest exists in every patent case and thus it "alone is not sufficient to defeat a motion to stay." *Id.*

Further, any delay stemming from a stay in this case pales in comparison to Nanoco's delay in bringing this case in the first place. Nanoco has been aware of Samsung's quantum dot televisions since Samsung launched them in 2015. *See* Dkt. 1 ¶ 27. And yet, Nanoco waited to file suit until 2020. Indeed, Nanoco then waited an additional three months after filing the complaint

before service of the complaint.[1] *See* Dkts. 1, 7, 10. Thus, any potential pause in proceedings while the PTAB decides the validity of the Asserted Patents (which Samsung believes will lead to the Challenged Claims being invalidated) is minor compared to Nanoco's five-year-plus delay.

There is also no support for Nanoco's argument that "[r]esuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents." Dkt. 59 at 7. Any such concerns are purely speculative and do not support a finding of prejudice. *See Micrografx, LLC v. Google, Inc.*, 3:13-cv-3595-N, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014) (a general assertion "that witnesses, evidence, and memories will be less readily available due to delay … is speculative and does not show prejudice"); *cf. VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (assertions that witnesses are over 60, without more, is "not sufficient to justify a conclusion of undue prejudice" and does not warrant denying a stay pending post-grant review). Indeed, Nanoco explains that the parties have already produced several thousand documents and served and responded to multiple interrogatories. Dkt. 59 at 8-9. Any remaining risk of lost evidence is primarily due to Nanoco's five-year delay in bringing this suit—the comparably shorter stay Samsung seeks will not have a significant impact.

Consequently, unlike in *Oyster Optics, LLC v. Infinera Corp.*, No. 2:19-cv-257-JRG, ECF No. 87, at 2-4 (E.D. Tex. July 17, 2020), where this Court found that the prejudice factor "weighs heavily against granting a stay" because of the late stage of litigation (which is not the case here, as explained in more detail below), Nanoco's failure to identify legitimate grounds for undue prejudice indicates that this factor weighs in favor of a stay.

---

[1] Nanoco's argument that the COVID-19 pandemic caused its delay in service is inaccurate. Nanoco filed its case in February, more than one month before this Court issued General Order No. 20-03, and does not explain why it could not have served the complaint during the intervening time, let alone before May.

### B. The Current Stage of Litigation Favors a Stay

Although Nanoco correctly points out that the parties have begun fact discovery and claim construction, this case remains in its early stages and significant work remains to be done over the next 10 months before jury selection in October 2021. In view of the efficiencies to be gained by staying a case at this stage in view of pending IPR petitions, other courts have stayed cases prior to IPR institution at a similar stage of litigation as this case. *See, e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (holding that "the timing factor strongly favors a stay" either before or after institution of CBM review where "[a]lthough many documents and discovery requests had been exchanged, fact discovery was still ongoing and no fact witnesses had been deposed [and] the parties had not filed any expert reports or taken any expert depositions."), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015); *Dig. Ally, Inc. v. Taser Int'l, Inc.*, No. 16-CV-2032-CM-TJJ, 2017 WL 1048351, at *2 (D. Kan. Mar. 20, 2017) (staying case prior to IPR institution where the parties had "conducted significant discovery, exchanged infringement and invalidity contentions, and all claim construction statements"); *Blephex LLC v. Pain Point Med. Sys. Inc.*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *3 (N.D. Tex. Nov. 3, 2016) (staying case prior to IPR institution where "the parties have just begun to engage in discovery and have not filed their claim construction briefs"); *Emp. Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-CV-3574-N, 2014 WL 3739770, at *2 (N.D. Tex. May 27, 2014) (staying case prior to IPR institution where "[t]hough the parties have engaged in written discovery, the claim construction phase of the case is not yet complete, and the Court has not scheduled a *Markman* hearing"). As a result, this factor weighs in favor of granting a stay.

### C. Nanoco's Arguments That a Stay Will Not Simplify the Case Are Inapposite

Samsung expects that the PTAB will institute its IPRs against the Asserted Patents, and that both the parties' briefing and the PTAB's decisions will simplify and narrow the scope of the

issues that the Court will need to decide in this case—indeed, it could very well resolve the case altogether. Nanoco's arguments do not undermine that this factor weighs in favor of a stay.

Nanoco argues that the PTAB could deny institution of Samsung's IPR petitions in view of the schedule for trial in this case. Dkt. 59 at 10. However, the timing of trial is not alone dispositive on the question of the PTAB exercising its discretion on institution. For example, the PTAB recently granted institution of an IPR where trial in a parallel proceeding involving the same patents is set to begin eight months before the due date for the final written decision—exactly the same circumstance as this case. *See Samsung Elecs. Co. v. Arbor Global Strategies LLC*, IPR2020-01020, Paper 11 at 10, 17-18 (PTAB Dec. 2, 2020). Discovery in the underlying *Arbor* litigation also had advanced to a similar point at the time of institution as it will by the date of the PTAB's institution here. *See id.* at 11-12. Further, although jury selection is scheduled in this case for October 4, 2021, that date is not certain in view of the ongoing COVID-19 pandemic and the six other trials scheduled the same day, which the PTAB has acknowledged "diminishes the extent to which [the district court's trial date] weighs in favor of exercising discretion." *Apple Inc. v. Seven Networks, LLC*, IPR2020-00235, Paper 10 at 8-9 (PTAB July 28, 2020). In contrast, the PTAB's decision-making will not be delayed, which could weigh against the PTAB exercising its discretion to deny institution. *See Sand Revolution II, LLC v. Cont'l Intermodal Grp.-Trucking LLC*, IPR2019-01393, Paper 24 at 9-10 (PTAB June 16, 2020) (uncertainty surrounding trial date contributes to finding this factor "weighs marginally" against exercising discretion).

Additionally, Samsung filed its IPR petitions on the same day as its invalidity contentions and less than two months after receiving Nanoco's infringement contentions. Dkt. 54 at 2. Samsung's timeliness—noteworthy given the number of claims challenged and the complexity of the technology—weighs against the PTAB exercising its authority to deny institution. *See Arbor*,

4

Paper 11 at 13; *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 11 (PTAB Mar. 20, 2020) (precedential) ("If the evidence shows that the petitioner filed the petition expeditiously, such as promptly after becoming aware of the claims being asserted, this fact has weighed against exercising the authority to deny institution."). Thus, Nanoco's arguments that the PTAB is likely to exercise its discretion to deny Samsung's IPRs, regardless of the strength of Samsung's invalidity arguments, are without merit.

Nanoco also argues that a stay will not simplify the claim construction issues here because Samsung has not argued in its IPR petitions that any terms need to be construed. Dkt. 59 at 10-11. But the fact that the prior art grounds asserted in the IPRs are on point and thus, no terms need to be construed there, does not negate that the IPRs will likely simplify this case by making claim construction unnecessary or, at minimum, narrowing the number of disputed terms. *See Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). Samsung's IPR petitions are thus consistent with its claim construction positions in this litigation.

In sum, contrary to Nanoco's arguments, a stay is likely to simplify several issues in this case, such that this factor weighs in favor of a stay.

## **CONCLUSION**

Samsung respectfully requests that the Court grant its motion to stay this case pending final resolution of the IPR petitions. To the extent the Court denies this motion pending the PTAB's institution decisions, Samsung respectfully requests that it be denied without prejudice so that Samsung may renew its motion after the IPRs have been instituted.

DATED: December 21, 2020                    Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Gregory S. Arovas, P.C. (*pro hac vice*)
Stefan M. Miller (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C. (*pro hac vice*)
F. Christopher Mizzo, P.C. (*pro hac vice*)
Michael A. Pearson, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

*Counsel for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

Case 2:20-cv-00038-JRG   Document 60   Filed 12/21/20   Page 10 of 10 PageID #: 2055

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 21st day of December, 2020.

*/s/ Melissa R. Smith*

7