IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:20-CV-00038-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

## ORDER

Before the Court is Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc's (collectively, "Defendants" or "Samsung") Motion to Stay Pending *Inter Partes* Review of the Asserted Patents (the "Motion") (Dkt. No. 54). In the Motion, Samsung asks the Court to stay all action in the above-captioned matter pending the Patent Trial and Appeal Board's ("PTAB") *inter partes* review ("IPR") of the patents-in-suit.

Plaintiff Nanoco Technologies Ltd. ("Plaintiff" or "Nanoco") has asserted five patents against Samsung: U.S. Patent No. 7,588,828 ("the '828 patent"), U.S. Patent No. 7,803,423 ("the '423 patent"), U.S. Patent No. 7,867,557 ("the '557 patent"), U.S. Patent No. 8,524,365 ("the '365 patent"), and U.S. Patent No. 9,680,068 ("the '068 patent") (collectively, the "Asserted Patents"). (Dkt. No. 1, at 1–2). Samsung has filed five IPR petitions, effectively challenging the patentability of all claims asserted in this case. (Mot. at 2). The petitions challenging the '068, '828, and '365 patents were filed on November 24, 2020.[1] (*Id.*). The petitions challenging the '423 and '557

---

[1] IPR2021-00182; IPR2021-00183; IPR2021-00186.

patents were filed on November 25, 2020.[2] (*Id.*). The PTAB is expected to issue institution decisions in May of 2021. (*Id.* at 3–4 n.1).

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Where a motion to stay is filed before the PTAB institutes any proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This

---

[2] IPR2021-00184; IPR2021-00185.

Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Considering these circumstances, the Court concludes that Samsung's motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to institute *inter partes* review of any of the Asserted Patents should be denied. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** to refiling of the same, which shall be permitted within fourteen (14) days following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB.

**So Ordered this**
**Jan 8, 2021**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE