UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| NANOCO TECHNOLOGIES LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD., and ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:20-cv-00038-JRG <br><br> **JURY TRIAL DEMANDED** |

## JOINT MOTION TO STAY

Plaintiff Nanoco Technologies Ltd. and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, the "parties") hereby jointly move to stay this litigation and all remaining deadlines—including the parties' deadline to file dispositive and Daubert motions on June 28, 2021—pending PTAB's resolution of the petitions for *inter partes review* filed for the asserted patents.

On May 19, 2021, the PTAB instituted IPRs on all asserted claims of all asserted patents. In light of that decision, the parties have jointly agreed to seek a stay of the above-captioned matter and all remaining deadlines pending at least the final determination of the PTAB in such IPRs and have further agreed as follows:

Should any of the asserted claims survive PTAB's resolution of the IPRs and this case continues, the parties agree that, to the extent the case would resume, it would start again from this point. Fact and expert discovery are closed. The only pending issues to be addressed are (1) resolution of the pending motion to compel Samsung filed on May 20, 2021, and (2) production

of updated financial information from Samsung regarding sales of accused products made after Q1 2021.

The parties agree no additional expert reports, expert depositions, or fact depositions (apart from the deposition related to Samsung's motion to compel) would be served or taken in the case if any of the asserted claims survive the PTAB's resolution of the IPRs and the case continues.  The only changes to expert reports that would be made are updated calculations, if necessary, in the damages expert reports that take into account the updated financial information produced by Samsung.  These updated calculations will not include the introduction of new theories of damages, but rather will only constitute updated calculations involving the same theories disclosed in the reports that have already been served.

The parties recognize that one or more parties may appeal the PTAB's resolution of one or more of the IPRs.  Within thirty days after the PTAB's resolution of the last of the IPRs, the parties will meet and confer regarding whether any party will seek to lift the stay agreed upon in this motion.  Within forty-five days after the PTAB's resolution of the last of the IPRs, the parties will inform the Court of their position regarding whether the stay should be maintained, either through a joint statement if the parties agree, or briefs if they disagree. If the parties disagree, each side will be permitted the opportunity to file a responsive brief seven days after the opening briefs are filed.  If the stay is lifted, the parties will submit a proposed amended docket control order within fourteen days of the stay being lifted.  The parties' agreement to a stay through the PTAB's resolution of the IPRs should not be interpreted as a concession by any party that a stay pending appeal of the PTAB's resolution of one or more of the IPRs should or should not be entered.

Nanoco hereby withdraws its opposition to Samsung's motion to stay that was filed May 20, 2021 (Dkt 95).  If this joint motion is granted, Samsung's motion to stay filed May 20, 2021 (Dkt 86) is moot.

There is good cause for the Court to issue the jointly-requested stay.  As stated above and in greater detail in Samsung's motion to stay (Dkt 86), all asserted claims of all asserted patents are subject to pending IPRs that have been instituted by the PTAB.  In light of those institution decisions and the parties' agreement, a stay will save resources, promote efficiency, and will not prejudice either party.  Thus, for good cause shown, the parties respectfully request the Court enter the proposed order staying this case pending at least the PTAB's resolution of the IPRs instituted for the asserted patents.

Dated: June 24, 2021

Respectfully Submitted,

| | |
|---|---|
| /s/ *Michael Newman* | */s/ Melissa R. Smith* |
| Michael Newman | Melissa R. Smith |
| Massachusetts BBO No. 667520 | GILLAM & SMITH, LLP |
| MCNewman@mintz.com | 303 South Washington Avenue |
| James Wodarski | Marshall, TX 75670 |
| Massachusetts BBO No. 627036 | Telephone: (903) 934-8450 |
| JWodarski@mintz.com | Facsimile: (903) 934-9257 |
| Michael T. Renaud | |
| Massachusetts BBO No. 629783 | Gregory S. Arovas, P.C. (*pro hac vice*) |
| MTRenaud@mintz.com | Jeanne M. Heffernan, P.C. (*pro hac vice*) |
| Matthew Galica | Stefan M. Miller (*pro hac vice*) |
| Massachusetts BBO No. 696916 | Jon R. Carter (*pro hac vice*) |
| MSGalica@mintz.com | KIRKLAND & ELLIS LLP |
| MINTZ LEVIN COHN FERRIS | 601 Lexington Avenue |
| GLOVSKY AND POPEO PC | New York, NY 10022 |
| One Financial Center | Telephone: (212) 446-4800 |
| Boston, MA 02111 | Facsimile: (212) 446-4900 |
| Tel: (617) 542-6000 | |
| Fax: (617) 542-2241 | Edward C. Donovan, P.C. (*pro hac vice*) |
| www.mintz.com | F. Christopher Mizzo, P.C. (*pro hac vice*) |
| | Michael A. Pearson, Jr. (*pro hac vice*) |
| T. John Ward, Jr. | Nichole B. DeJulio (*pro hac vice*) |
| Texas State Bar No. 00794818 | KIRKLAND & ELLIS LLP |
| E-mail: jw@wsfirm.com | 1301 Pennsylvania Avenue, N.W. |
| Claire Abernathy Henry | Washington, D.C. 20004 |
| Texas State Bar No. 24053063 | Telephone: (202) 389-5000 |
| E-mail: claire@wsfirm.com | Facsimile: (202) 389-5200 |
| WARD, SMITH & HILL, PLLC | |
| PO Box 1231 | *Counsel for Defendants Samsung* |
| Longview, Texas 75606-1231 | *Electronics Co., Ltd. and Samsung* |
| (903) 757-6400 (telephone) | *Electronics America, Inc.* |
| (903) 757-2323 (facsimile | |

*Counsel for Plaintiff*
*Nanoco Technologies Ltd.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiff and Defendants have complied with the meet and confer requirements set forth in Local Rule CV-7(h).  This motion is a joint motion, and is therefore unopposed.

/s/ *Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2021, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith