#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF TEXAS
#### MARSHALL DIVISION

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:20-CV-00038-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

### ORDER

Before the Court is Plaintiff Nanoco Technologies Ltd. and ("Nanoco") Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc's (collectively, "Defendants" or "Samsung") Joint Motion to Stay (the "Motion"). (Dkt. No. 111). In the same, Nanoco and Samsung jointly move to stay this case pending *inter partes* review of all asserted claims of the asserted patents. (*Id.*). The Court previously denied Samsung's pre-institution Motion to Stay as premature. (Dkt. No. 54).

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will

likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

The Court, having considered the relevant factors, is hesitant to stay this case. Discovery is complete, as the parties note in their motion. A firm trial date is set. Although a stay could simplify issues for trial in the abstract and on paper, it does so at the expense of delaying the speedy and efficient adjudication of the other issues in controversy. Samsung filed its IPR petitions roughly nine months after Nanoco filed its complaint. Given the fairly predictable timelines in this Court and the statutory timelines at the PTAB, Samsung could have anticipated that institution decisions would occur in the shadow of pre-trial briefing, with the potential date for final written decisions from the PTAB far exceeding the scheduled trial date in this Court.[1] But for the parties' agreement on the Motion, the Court would likely have denied this Motion. In light of this agreement, however, the Court **GRANTS** the Motion.

Accordingly, it is hereby **ORDERED** that all action in the above-captioned matter is **STAYED** until further Order of the Court.

It is further **ORDERED** that the parties meet and confer and file a Joint Status Report within **fourteen (14) days** of the PTAB's issuance of a final written decision on the last of the IPRs. Such Joint Status Report shall concisely state the parties' positions—whether joint or disputed—on whether the stay should be maintained. If the Court believes additional briefing

---

[1] In fact, it is increasingly common for the PTAB to decline to institute *inter partes* review in view of parallel district court proceedings if the district court will reach trial on the merits more efficiently and expeditiously. *See, e.g.*, *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 (P.T.A.B. March 20, 2020).

would be helpful upon review of the Joint Status Report, the Court will order additional briefing at that time.

Samsung's previously opposed Motion to Stay (Dkt. No. 86) is **DENIED AS MOOT**.

**So Ordered this**

**Jun 30, 2021**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE