**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NANOCO TECHNOLOGIES LTD., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:20-CV-00038-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Joint Status Report filed by Plaintiff Nanoco Technologies Ltd. ("Nanoco") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung"). (Dkt. No. 123). In the Joint Status Report, the parties each set forth their respective positions regarding whether the stay of this case should continue following the PTAB's Final Written Decisions in each of five IPRs which held that all 47 challenged claims had not been proven unpatentable. (*Id.* at 2).

Nanoco asserts that the stay should be immediately terminated so that his case may proceed to trial as quickly as possible. Nanoco argues that it prevailed over every argument raised against every claim of every asserted patent in the IPRs and that the Federal Circuit is unlikely to reverse the PTAB's Final Written Decisions. (*Id.*). Samsung contends that the stay should remain in effect pending its appeal of the IPR decisions, which could potentially moot or change the scope of the issues to be addressed in this suit. (*Id.* at 3).

The Court finds Nanoco's position persuasive. Notably, in the Joint Motion to Stay of June 26, 2021, the parties agreed to "a stay of the above-captioned matter and all remaining deadlines

pending at least *the final determination of the PTAB* in such IPRs . . . ." (Dkt. No. 111 at 1) (emphasis added). The parties "further agreed . . . [that] [s]hould *any of the asserted claims survive [the] PTAB's resolution of the IPRs* and this case continues . . . it would start again from [the pre-trial briefing stage]." (*Id.* at 2) (emphasis added). Finally, in its Order granting the stay, the Court noted that "[b]ut for the parties' agreement on the motion, the Court would likely have denied [the stay]." (Dkt. No. 121 at 2). After one year of delay, all asserted claims stand exactly where they were prior to the Court's issuance of the stay, and the parties now dispute whether any benefit would be gained by an extension of the now opposed stay. Accordingly, the Court finds Samsung's assertion that the Federal Circuit will reverse the Final Written Decisions too speculative to justify continuing the stay, determines that further delay in the adjudication of Nanoco's claims on the merits of the case is not warranted, and **ORDERS** that the previously entered stay is **LIFTED**.

The Court **ORDERS** that the pretrial conference in the above-captioned matter is **RESET** for **Wednesday**, **August 16, 2022** at **9:00 am** in Marshall, Texas. The Court further **ORDERS** that the date for Jury Selection in this case is **RESET** for **Monday**, **September 12, 2022** at **9:00 am** in Marshall, Texas. The parties are **ORDERED** to submit a Joint Proposed Revised Docket Control Order within 10 days of the issuance of this Order which sets forth a revised schedule of deadlines comporting with the pretrial conference and jury selection dates set above. In light of the length of the stay, the parties' Joint Proposed Revised Docket Control Order should also address the status of the pending Motion to Compel (Dkt. No. 88), *Daubert* Motions (Dkt. Nos. 112–17, 120), and Dispositive Motions (Dkt. No. 118, 119) remaining before the Court.

So ORDERED and SIGNED this 6th day of June, 2022.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE