IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NANOCO TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00038-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (together, "Samsung") Corrected Motion for Reconsideration of the Court's Claim Construction Memorandum Opinion and Order (Dkt. 84) (the "Motion"). (Dkt. No. 133). Having considered the Motion, the related briefing, and for the reasons stated herein, the Court finds that the Motion should be and hereby is **DENIED**.

## I. BACKGROUND

Plaintiff Nanoco Technologies Ltd. ("Nanoco") filed the above-captioned action against Samsung on February 14, 2020, alleging infringement of U.S. Patent Nos. 7,588,828; 8,524,365; 7,803,423; 7,867,557; and 9,680,068 (collectively, the "Asserted Patents"). (Dkt. No. 1). Nanoco asserted that Samsung's products, namely QLED TVs, incorporate quantum dots made by a process which allegedly infringes the claims of the Asserted Patents.

On March 26, 2021, the Court held the claim construction hearing in this case and heard argument related to disputed claim terms. (Dkt. No. 79). Thereafter, the Court issued its Claim Construction Memorandum Opinion and Order. (Dkt. No. 84). Relevant to the Motion, the Court

construed the term "molecular cluster compound" ("MCC") to mean "clusters of three or more metal atoms and their associated ligands of sufficiently well-defined chemical structure such that all molecules of the cluster compound possess the same relative molecular formula." (*Id.* at 18).

On June 24, 2021, the parties filed their Joint Motion to Stay requesting that the Court stay this litigation in light of *inter partes review* ("IPR") proceedings instituted on all asserted claims of all Asserted Patents. (Dkt. No. 111). The Court granted the parties' jointly requested relief and stayed this case pending the resolution of the IPR proceedings. (Dkt. No. 121). The IPR proceedings concluded on May 16, 2022. None of the challenged claims were held by the PTAB to be unpatentable. (Dkt. No. 123 at 2). Accordingly, the Court lifted the stay and set new deadlines for pretrial proceedings and jury selection in this case. (Dkt. No. 124).

Samsung subsequently filed the instant Motion (after the stay was lifted) arguing that the Court should reconsider its construction of the MCC term under Rule 54(b) in light of statements Nanoco made before the Unites States Patent and Trademark Office (the "PTO") during the IPR proceedings. (Dkt. No. 133).

## II. LEGAL STANDARD

In the Fifth Circuit, a motion for reconsideration under Rule 54(b) is treated the same as a motion to alter or amend a judgment under Rule 59(e). *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748–49 (E.D. Tex. 2012); *Jacoby v. Trek Bicycle Corp.*, No. 2:11-cv-124, 2011 WL 3240445, at *1 (E.D. Tex. July 28, 2011). In turn, "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion to amend an order or judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d

2

473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Reconsideration is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III. DISCUSSION

Samsung asserts that Nanoco made statements during the IPR proceedings which limit the scope of the claimed MCCs by restricting what it means for MCCs to have "the same relative molecular formula." (Dkt. No. 133 at 1). Specifically, Samsung argues that Nanoco made representations that (1) every MCC must be identical—*i.e.*, have the same molecular mass, size, and formula—and (2) mixtures of different clusters and aggregates of more than one cluster cannot be MCCs. (*Id.*). Samsung proposes the following two amendments to the construction of the MCC term:

| Court's Construction (Dkt. No. 84 at 18) (emphasis added). | Samsung's Proposed Amendments (*See* Dkt. No. 133 at 8) (emphasis added). |
|---|---|
| Clusters of three or more metal atoms and their associated ligands of sufficiently well-defined chemical structure such that all molecules of the cluster compound **possess the same relative molecular formula**. | Clusters of three or more metal atoms and their associated ligands of sufficiently well-defined chemical structure such that all molecules of the cluster compound [1] **are identical to one another in that each has the same molecular formula, mass, and size.** [2] **Mixtures of different clusters and aggregates of two or more clusters are not molecular cluster compounds.** |

Nanoco asserts that Samsung's proposed amendments are improper because Nanoco's arguments in the IPR proceedings were consistent with this Court's claim construction. (Dkt. No. 173 at 1). Specifically, Nanoco asserts that Samsung selectively quotes from Nanoco's briefing and ignores that the thrust of the arguments were premised on distinguishing MCCs from prior art references disclosing "uncharacterized" melted gold droplets which lacked "sufficiently well-defined chemical structures." (*Id.* at 6). Nanoco further argues that Samsung's Motion should be denied because Samsung's arguments are not based on "new" evidence to warrant reconsideration. (*Id.* at 9–10).

The Court has previously cautioned litigants that "[a] motion for reconsideration is not merely a chance for one party to relitigate claim construction." *Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd. et al*, 2:21-cv-00040-JRG, Dkt. No. 212 at 3, (E.D. Tex. Jan. 25, 2022). Here, the Court is skeptical that the statements made by Nanoco qualify as "new" evidence sufficient to meet the test for reconsideration.[1] Regardless, and as explained below, Nanoco's arguments before the PTO do not contradict this Court's claim construction—much less act as a clear or unequivocal disavowal of claim scope. As a result, nothing in the Court's Claim Construction Order rises to the elevated level of "manifest injustice" requiring reconsideration.

**A.  Nanoco's statements before the PTO do not contradict the Court's claim construction.**

Samsung argues that Nanoco represented to the PTO that a cluster cannot be an MCC unless every such cluster in a given population is identical—*i.e.*, each MCC has exactly the same mass, molecular formula, and size. (Dkt. No. 133 at 4) (citing Dkt. No. 133-1 at 1). Samsung notes that Nanoco distinguished MCCs from gold droplets existing in a range of sizes as contemplated

---

[1] For example, Nanoco filed its first Patent Owner Preliminary Response raising much of the same arguments related to the IPR proceedings on February 24, 2021—over a month before the March 26, 2021 *Markman* hearing in this case. (*See* Dkt. No. 173-1 at 37–42).

by Banin—one of the references asserted in the IPR. (Dkt. No. 133-1 at 1, 25–26). Samsung argues that by distinguishing the claimed MCCs from Banin and other "ensembles of small nanoparticles," Nanoco affirmatively narrowed the scope of the claims such that an MCC must be the same relative to every other cluster in the solution. (Dkt. No. 133 at 4; Dkt. No. 204 at 2). Samsung further asserts that its amended claim construction based on Nanoco's statements to the PTO will "be easier for the jury to understand." (*Id.* at 1).

Nanoco responds that its statements distinguishing Banin are consistent with this Court's claim construction. Specifically, Nanoco notes that Banin failed to disclose a "sufficiently well-defined chemical structure" required by the construction of the MCC term because Banin only disclosed gold clusters in a range of sizes, averaged out to arrive at a "suggested formula." (Dkt. No. 212 at 3; Dkt. No. 133-1 at 25 (arguing that Banin "does not disclose an MCC . . . because the gold clusters . . . do not have a sufficiently well-defined chemical structure")). Accordingly, Nanoco argues that nothing in its IPR statements "suggests that an MCC must be the same relative to every other cluster in [a] solution." (Dkt. No. 212 at 3).

The Court finds Nanoco's arguments persuasive. Nanoco's statements to the PTO distinguish Banin by arguing that the reference "lack[s] the sufficiently well-defined chemical structure of MCCs." (Dkt. No. 133-1 at 27). Nanoco asserted that the "approximate formula" used to estimate average size in Banin's "dispersity" of gold particles does not satisfy the requirement that an MCC has a "sufficiently well-defined structure." (*Id.*). Such statements do not rise to the level of a clear and unequivocal disclaimer that contradicts the Court's construction of the MCC term. Further, the Court agrees that Samsung's Motion fails to present new evidence justifying reconsideration. Nanoco previously asserted in its claim construction brief that "[w]hen molecules possess the same relative molecular formula, the molecular clusters are identical to one another in

the same way that one H20 molecule is identical to another H20 molecule." (Dkt. No. 64 at 7). Further, the language Samsung quotes distinguishing MCCs from "ensembles of small nanoparticles" is found directly in the specification of the Asserted Patents. (Dkt. No. 1-5 at 7:48–53). Samsung therefore had the opportunity to raise its proposed limitations at the *Markman* hearing and failed to do so. The Court finds no manifest injustice or new evidence to support Samsung's Motion.

    **B. Nanoco's statements before the PTAB do not warrant Samsung's proposed negative limitation.**

Samsung argues that the PTO relied on Nanoco's assertion that mixtures or aggregations of clusters cannot be MCCs because they "would not have the same relative molecular formula." (Dkt. No. 133 at 6–7). Largely based on arguments Nanoco made to distinguish the Banin reference, Samsung argues that the claimed MCCs must be limited to mixtures of only identical, not different, clusters." (*Id.* at 6). Samsung further notes that Nanoco expressly argued that "ensembles of nanoparticles, such as Banin's aggregated gold clusters do not meet the definition of an MCC." (Dkt. No. 133 at 7; Dkt. No. 133-1 at 42).

   Nanoco responds that it never disclaimed the possibility of "mixtures" or "aggregates" satisfying the MCC term so long as the molecular cluster compounds being mixed can be identified and characterized by the same relative molecular formula. (Dkt. No. 173 at 6). Specifically, Nanoco notes that it distinguished prior art not on any theory of mixtures or aggregates, but on the theory that the references disclosed compositions of gold particles that could not be characterized. (*Id.*). In short, while the prior art involved mixtures of particles—they did not disclose MCCs because no particle could be "specifically characterized." (*Id.*; Dkt. No. 133-1 at 42 (noting that prior art gold-droplets were "ill-defined")).

The Court likewise finds Nanoco's arguments persuasive. Nanoco's statements to the PTO do not clearly and unequivocally disclaim claim scope or contradict the Court's claim construction such that relief under Rule 54(b) is warranted. Nanoco's position that "uncharacterized" mixtures and aggregates of clusters cannot be MCCs is consistent with this Court's construction which requires that MCCs have a "well-defined chemical structure." (Dkt. No. 84 at 18; Dkt. No. 133-1 at 35–36 (distinguishing mixtures of clusters in the prior art from MCCs because the "average molecular formula [was] *estimated* . . . as opposed to being specifically characterized.") (emphasis in original)). The Court finds no new evidence or manifest injustice which would warrant revisiting the claim construction, as Samsung urges.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Samsung's Corrected Motion for Reconsideration of the Court's Claim Construction Memorandum Opinion and Order (Dkt. 84). (Dkt. No. 133).

**So ORDERED and SIGNED this 10th day of August, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE