# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NANOCO TECHNOLOGIES LTD., §<br>§<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§ CIVIL ACTION NO. 2:20-CV-00038-JRG<br>§<br>SAMSUNG ELECTRONICS CO., LTD., §<br>SAMSUNG ELECTRONICS AMERICA, §<br>INC., §<br>§<br>§<br>*Defendants*. § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Thursday, August 18, 2022 and Friday, August 19, 2022 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Nanoco Technologies ("Plaintiff" or "Nanoco") and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (together, "Defendants" or "Samsung") (collectively with Nanoco, the "Parties"). (Dkt. Nos. 114, 116, 120, 115, 119, 214, 215, 216, and 248.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1.  **Samsung's Motion to Exclude Certain Opinions of Dr. Greg Allenby (Dkt. No. 120).**

    With respect to the EPSP opinion, the motion was **DENIED**. (Dkt. No. 258 at 90:7–10.) The Court found the Defendants' complaints go to the weight and not the admissibility.

    With respect to the opinions related to pseudo-willingness-to-pay ("p-WTP"), the motion was **GRANTED**. (*Id.* at 90:11–18). The Court found that Dr. Allenby's own admissions render these opinions unreliable. The Court struck the portions of his report referencing p-WTP.[1]

2.  **Samsung's Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 7,588,828; 7,803,423; 7,867,557; and 8,524,365 (Dkt. No. 119).**

    The motion was **DENIED**. (*Id.* at 47:5–15.) The Court noted that the Parties present competing expert opinions regarding whether the accused products store the access deny time interval in a register, and, accordingly, a material question of fact exists which precludes summary judgment.

3.  **Samsung's Motion to Exclude the Expert Opinions of Mr. Thomas Credelle (Dkt. No. 116).**

    With respect to whether Mr. Credelle's incremental value opinions should be excluded as unreliable, the motion was **DENIED**. (*Id.* at 68:24–69:11.) The Court noted that Mr. Credelle examined case specific facts and made comparisons regarding products at issue. Given that this area inherently requires some degree of approximation, the Court found that exclusion was not warranted and that Defendants have ample ability to attack this opinion on cross examination.

---

[1] In light of the lack of specific paragraph numbers in Dr. Allenby's report, and the failure of Defendants to identify with specificity all of the portions of Dr. Allenby's report referencing p-WTP (*see* Dkt. No. 120-2), the Court notes, for the avoidance of doubt, that the struck portions of Dr. Allenby's report will include, under the heading VII. Economic Value: the phrase beginning "i) its impact on consumer utility…" until "…monetization" on page 18; the sentence beginning "The first measure is…" and ending "…in conjoint studies" on page 18; the paragraph beginning "The economic measure p-WTP…" and ending "…large in magnitude" bridging pages 18 and 19; and Table 5 in its entirety on page 19.

As to whether Mr. Credelle is qualified to offer his expert opinions on the value attributable to a specific TV feature, the motion was **DENIED**. (*Id.*)

4. **Samsung's Motion to Exclude the Expert Opinions of Roy Weinstein Regarding Damages (Dkt. No. 114).**

With respect to the profit-split based on Samsung's company-wide rate of return on invested capital ("ROIC"), the motion was **DENIED**. (*Id.* at 117:3–15.) The Court found the use of Samsung's ROIC when considered with Mr. Weinstein's *Georgia-Pacific* factor analysis and in light of the facts of this case make exclusion improper. Samsung's complaints in this regard are able to be adequately addressed through robust cross examination.

With respect to the "Credelle Approach," the motion was **DENIED AS MOOT**. (*Id.* at 117:16–19.)

With respect to the Dow approach, the motion was **WITHDRAWN**. (*Id.* at 117:20–22.)

With respect to the "mix and match" evaluation approach, the motion was **DENIED**. (*Id.* at 117:23–118:7.) In the absence of precedential guidance and in light of Plaintiff's reasonable explanation for using different damages theories related to different products, the Court declined to exclude these opinions.

With respect to Mr. Weinstein's opinions on convoyed sales, the motion was **DENIED**. (*Id.* at 118:10–18.) The Court found there was at least circumstantial evidence of convoyed sales and a feasible nexus to connect those sales to the accused products.

5. **Joint Motion to Withdraw Certain Pretrial Motions (Dkt. No. 248).**

The motion was **GRANTED**. (*Id.* at 15:6–9). Accordingly, Nanoco's Motion to Exclude Testimony of Christopher A. Martinez (Dkt. No. 112) and Nanoco's Motion to Exclude Testimony of Dr. Aris K. Silzars (Dkt. No. 113) were **WITHDRAWN**.

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 216).**

Plaintiff's MIL 1      **Any argument, evidence, testimony, reference, or suggestion concerning invalidity theories not in this case, including any invalidity theories based on § 102 or § 103.**

The MIL was **WITHDRAWN**.  (Dkt. No. 258 at 128:22–23.)

Plaintiff's MIL 2      **Any argument, evidence, testimony, reference, or suggestion that Samsung practices the prior art; concerning a comparison between an accused instrumentality and a purported prior art patent, device, method, process, product, system, or document; or concerning a comparison between an accused instrumentality and a commercial product, such as Nanoco's products or third parties' products.**

**Samsung's experts Dr. Colvin and Mr. Martinez may testify consistent with their reports regarding technical comparability and technical apportionment analyses.  Where their analyses refer to a prior art patent, device, method, process, product, system, or document, Samsung will not characterize them as prior art.**

**Samsung may present its non-infringement arguments concerning the hot injection method, but without characterizing it as prior art.**

**The parties may introduce evidence concerning the fact that a party previously studied or analyzed quantum dot products as part of the parties' course-of-conduct and history.  However, in no event will such evidence be used as a basis to argue or suggest invalidity or non-infringement.**

The MIL was **GRANTED AS AGREED**.  (Dkt. No. 259 at 7:10–12.)

The Court announced the above into the record and counsel for both parties confirmed their agreement to the same.  (*Id.* at 6:3–7.)

Plaintiff's MIL 3      **Any argument, evidence, testimony, reference, or suggestion concerning patents unrelated to the asserted patents in this case, including that Samsung has patents related to quantum dots or is**

4

> **practicing its own patents or other patents, such as Nanosys or QD Vision patents.**
>
> **Samsung's experts Dr. Colvin and Mr. Martinez may testify consistent with their reports regarding technical comparability and technical apportionment analyses. Where their analyses refer to a patent that is unrelated to the asserted patents in this case, Samsung will not characterize them as prior art or as predating the patents-in-suit.**
>
> **Fact witnesses may generally testify about the fact that they are named as inventors on patents and the general subject matter of those patents, but without the parties or fact witnesses getting into comparisons of such patents with asserted patents or accused instrumentalities.**

The MIL was **GRANTED AS AGREED**. (*Id.* at 7:10–12.)

The Court announced the above into the record and counsel for both parties confirmed their agreement to the same. (*Id.* at 7:6–9.)

<u>Plaintiff's MIL 4</u>    **Any argument, evidence, or testimony inconsistent with the Court's claim construction order, or attempting to argue claim construction to the jury.**

The MIL was **DENIED**. (Dkt. No. 258 at 129:20–130:5.)

The Court noted that neither party is to argue claim construction before the jury. Regarding the Defendants' Motion for Clarification as to raising of statements made to the Patent Office, no party will seek additional or altered claim construction, or criticize the Court's existing claim constructions before the jury without prior leave of Court. (*Id.* at 130:16–131:7.)

<u>Plaintiff's MIL 5</u>    **Any reference to dropped or unasserted/unelected claims, theories, patents, or accused products.**

The MIL was **GRANTED** as written and further clarified into the record. The Court clarified that should Mr. Weinstein failed to address or opine on an otherwise live theory in his report on direct examination, Defendants may cross examine him concerning that live theory. If there is doubt as to whether such theory remains live in the case, the parties should approach and seek leave of the Court prior to exploring such theories before the jury. (*Id.* at 134:1–25.)

Plaintiff's MIL 6   **Any argument, evidence, testimony, or reference that Plaintiff is "litigious," a "patent troll," "non-practicing entity," or any similar label or characterization.**

 The MIL was as **WITHDRAWN**. (*Id.* at 138:19–21.)

Plaintiff's MIL 7   **Any argument, evidence, testimony, or suggestion that Samsung made design changes to the Accused Products after the close of discovery.**

 The MIL was **GRANTED**. (*Id.* at 140:12–22.)

Plaintiff's MIL 8   **Any argument, evidence, testimony, or suggestion regarding court opinions limiting or excluding an expert's testimony or opinions, or the substance of the excluded testimony or opinions.**

 The MIL was **WITHDRAWN**. (*Id.* at 140:23–25.)

Plaintiff's MIL 9   **Any argument, evidence, testimony, or reference to prior retention of experts by the parties or their counsel in unrelated matters.**

 The MIL was as **WITHDRAWN**. (*Id.*)

Plaintiff's MIL 10   **Any argument, evidence, testimony, reference, or suggestion that Nanoco has not asserted its patents against other entities, including Nanosys or QD Vision.**

 The MIL was **GRANTED AS AGREED** as noted in the record. (*Id.* at 121:5–24.)

## II.   DEFENDANT'S MOTIONS *IN LIMINE* (Dkt. No. 215).

Defendants' MIL 1   **Nanoco should be precluded from referencing or relying on any statements made by the parties or party representatives pursuant to non-disclosure agreements ("NDAs") entered into on November 27, 2018 and December 11, 2019.**

 The MIL was **CARRIED**. The Court directed the parties to provide targeted briefing on the issues covered on the NDAs with relevant exhibits attached by August 26, 2022. The briefs of the parties must not exceed 15 pages. (*Id.* at 170:11–171:16.)

Defendants' MIL 2     **Nanoco should be precluded from referencing or relying on certain pre-litigation communications, exemplified by PTX-145, PTX-615, PTX-616, and PTX-617.**

The MIL was **CARRIED**. (*Id.* at 172:1-2.) The Court noted that this MIL rises or falls with the Court's ruling on the related exhibit disputes that were the subject of these MILs. (*Id.* at 144:25–145:4)

Defendants' MIL 3     **Nanoco should be precluded from referencing or relying on certain pre-litigation communications, exemplified by PTX-064. These and similar documents purport to be letters sent in mid-2018 from Nanoco notifying Samsung "of representative patents in their portfolio of which [Samsung] should be aware." PTX-064.**

The MIL was **CARRIED**. (*Id.* at 172:1-2.) The Court noted that this MIL rises or falls with the Court's ruling on the related exhibit disputes that were the subject of these MILs. (*Id.* at 144:25–145:4)

Defendants' MIL 4     **Nanoco should be precluded from relying on any unconsummated sales, including any offer sheets or alleged discussions for the acquisition of any portion of Nanoco's corporate holdings.**

The MIL was **CARRIED** in the same manner as Defendants' MIL number 1, above. (*Id.* at 172:8–9.)

Defendants' MIL 5     **Nanoco should be precluded from offering unfounded allegations that Samsung copied Nanoco's samples or documents.**

The MIL was **GRANTED** as written. (*Id.* at 170:12–171:1.) The Court noted that it would act as a gatekeeper to determine the scope of activity that might constitute copying and apply the MIL accordingly.

Defendants' MIL 6     **Nanoco should be precluded from arguing that Dow Chemical Company built a manufacturing plant to allegedly aid Samsung's quantum-dot display business.**

7

The MIL was **DENIED**. (*Id.* at 180:22–182:6.) The Court noted that other objections regarding the witness's personal knowledge or lack of foundation are the proper mechanism to address these concerns.

Defendants' MIL 7 **Nanoco should be precluded from making any reference to or argument regarding other litigations and agreements related thereto involving Samsung.**

The MIL was **WITHDRAWN**. (*Id.* at 181:7–8; *see also* Dkt. No. 214.)

Defendants' MIL 8 **Any irrelevant evidence painting Samsung in a negative light, including Samsung's individual employees, representatives, corporate identity or culture, is irrelevant to any issue in this case, highly prejudicial, and inadmissible under Rules 401, 402, and 403.**

The MIL was **WITHDRAWN**. (*Id.*).

Defendants' MIL 9 **Nanoco should be precluded from relying on or referencing total sales revenue derived from Samsung's TVs, displays, and monitors.**

The MIL was **GRANTED** with regard to the total sales of the accused products—$7,188,426,411—but **DENIED** with respect to end-product sales prices. (Dkt. No. 258 at 185:11–186:3).

Defendants' MIL 10 **Nanoco should be precluded from introducing any evidence, expert opinion, or argument as to alleged damages stemming from Samsung's use of red quantum dots in the accused products.**

The MIL was **GRANTED** as modified and clarified on the record. (*Id.* at 126:3–11; 126:20–127:2.) Specifically, the parties clarified that Nanoco is free to cross examine Mr. Martinez on how he values the inclusion of red quantum dots in quantum dot films (i.e., apportionment); Samsung is free to cross examine Mr. Weinstein on how he does or does not value the inclusion of red dots in quantum dot films (i.e., apportionment); but otherwise the parties are constrained by the four corners of their expert reports. (*Id.* at 122:23–123:5). As to the red quantum dots, the MIL was moot in light of the Court's ruling on the motion for summary judgment. The Court ruled that the parties will not mention red dots outside the damages case

8

without leave of the Court. The Court clarified that to the extent technical opinions are necessary solely to support apportionment, those opinions may be allowed.

### III. AGREED MOTIONS *IN LIMINE* (Dkt. Nos. 214, 242).

Before the pretrial conference, the Parties filed their Joint Notice of Agreed Motions *in limine* and their Amended Joint Notice of Agreed Motions *in limine* requesting that the Court enter Agreed MILs 1 through 12. (Dkt. Nos. 214, 242.) At the pretrial conference, Agreed MILs 1 through 12 were **GRANTED-AS-AGREED**. (Dkt. No. 258 at 9–13.)

Without prior leave of the Court the Parties and the Parties' fact and expert witnesses are precluded from mentioning or raising the following matters before the jury:

| | |
|---|---|
| Agreed MIL 1 | **Any reference to any *inter partes* review proceedings. This MIL does not itself prevent a party from impeaching a witness with a statement made during such proceedings so long as such evidence is proper impeachment. In that scenario, any such impeachment shall not refer to, show, or mention the *inter partes* review proceeding, IPR, or the PTAB, but may be referred to as a statement to the Patent Office.** |
| Agreed MIL 2 | **Any reference to any opinion of counsel or the absence of any opinion of counsel.** |
| Agreed MIL 3 | **Any reference to any party's market capitalization, total revenues, total profitability, or share price. For the sake of clarity, nothing in this MIL is meant to address whether the parties can discuss the per-share or total value set out in any proposal to acquire Nanoco.** |
| Agreed MIL 4 | **Any argument, evidence, testimony, or reference to a party's fee arrangements with counsel or how this litigation is being funded or burdens borne by any person or entity in doing so.** |
| Agreed MIL 5 | **Any reference to forum shopping or suggestion that the Eastern District of Texas is the wrong venue for this litigation.** |
| Agreed MIL 6 | **Any suggestion that a party has engaged in discovery abuse or litigation misconduct, including reference to discovery disputes and rulings.** |
| Agreed MIL 7 | **Any argument, evidence, testimony, or reference to a party's retention or use of litigation consultants, including jury consultants, trial** |

|   |   |
|---|---|
| | consultants, shadow or mock juries, or focus groups before or during trial. |
| Agreed MIL 8 | **Any argument, evidence, testimony or suggestion by either party regarding court opinions limiting or excluding an expert's testimony or opinions, or the substance of the excluded testimony or opinions.** |
| Agreed MIL 9 | **Any argument, evidence, testimony, or reference that Plaintiff is "litigious," a "patent troll," "non-practicing entity," or similar terms.** |
| Agreed MIL 10 | **Any argument, evidence, testimony, reference, or suggestion concerning invalidity under Section 102 or 103.** |
| Agreed MIL 11 | **Reference to prior or concurrent litigation or government investigations involving either party or to unrelated litigation agreements.** |
| Agreed MIL 12 | **References to Samsung that include "criminal conduct" or similar terms, that Samsung has a "culture or history of copying" or similar terms, that Samsung is a "fast follower" or similar terms, or that Samsung is a "dynasty" or similar terms. Nanoco may refer to Samsung as a "conglomerate."** |

If the Parties desire to introduce any evidence or argument or otherwise raise or mention any of the foregoing subjects addressed by the MILs set forth herein and before the jury, they must first approach the bench and obtain leave from the Court.

All remaining MILs not covered hereby or otherwise addressed by the Court on the record are **DENIED AS MOOT**.

## RESOLUTION OF REMAINING PRETRIAL ISSUES

At the conclusion of the pre-trial conference, Nanoco advised the Court that it has narrowed its case such that its asserted claims at trial will be limited to: claim 14 of the '828 Patent and claims 1, 4, and 6 of the '423 Patent. As to damages, Nanoco represented that it will present the Credelle model and the Dow model. Nanoco will not present the Allenby model at trial.

**So ORDERED and SIGNED this 21st day of September, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE